UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

*FILED JUL 1 6 2020 MARY C. LOEWENGUTH, CLERK, UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NY*

## 1. CAPTION OF ACTION

Jerome Crosby #14B3300        PLAINTIFF,

-V-                                             20  CV  908 A

1. Buffalo Police Detective Nieman and Buffalo Police Department
2. Joseph J. Terranova, Esq. Court Appointed Counsel
3. Assistant District Attorney, Lawrence Schwegler
4. District Attorney Sedita and the County of Eire
                    DEFENDANTS.
=======================================================================

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 29 U.S.C. §§ 1331, 1334 (3) and (4) 2201.

## 3. PARTIES TO THIS ACTION

Jerome Crosby #14B3300

Ulster Correctional Facility                    **JURY TRIAL REQUESTED**

P.O. BOX 800

Napanoch, NY 12458

### DEFENDANT'S INFORMATION

<u>NAME OF DEFENDANT:</u> Buffalo Police Detective Nieman

<u>OFFICIAL POSITION OF DEFENDANT:</u> Buffalo Police Officer and Buffalo Police Department. Defendants are Sued in INDIVIDUAL and OFFICIAL CAPACIT[Y]

Address of Defendants 65 Court Street Buffalo, NY 14202

NAME OF DEFENDANT: Joseph J. Terranova, Esq.
OFFICIAL POSITION OF DEFENDANT: Court appointed attorney for plaintiff
Defendant is Sued in INDIVIDUAL and OFFICIAL CAPACITY
ADDRESS OF DEFENDANT: 42 DELAWARE AVE., SUIT 710, BUFFALO, NY 14202

NAME OF DEFENDANT: The County of Erie and it's District Attorney (Sedita)
OFFICIAL POSITION OF DEFENDANT: District Attorney of Erie County
Defendants are Sued in INDIVIDUAL and OFFICIAL CAPACITY
ADDRESS OF DEFENDANTS: 25 DELAWARE AVE. BUFFALO NY 14202

NAME OF DEFENDANT: Lawrence Schwegler
OFFICIAL POSITION OF DEFENDANT: Assistant District Attorney
Defendant is Sued in INDIVIDUAL and OFFICIAL CAPACITY
ADDRESS OF DEFENDANT: 25 Delaware Ave Buffalo, NY 14202

================================================================

### 4. STATEMENT OF CLAIM

FIRST CLAIM: July 29, 2008, officer Nieman violated plaintiff's right to be free from Malicious Prosecution when he placed a state incident number on what was a federal case. Officer acted as a charging district attorney and gave plaintiff a state case.

SECOND CLAIM: July 29, thru October 27, 2014, Joseph J. Terranova, Esq. Plaintiff's Sixth Amendment right was violated when counsel stop avocating for his client and became his adversary. Counsel's lack of knowledge (of law) is a cognizable cause of action for legal malpractice, resulting in plaintiff being sentenced to ten years illegally.

THIRD CLAIM: On or about July 29, 2008. District Attorney, Sedita and Assistant District Attorney Lawrence Schwegler. The district attorney's office, in what can only be discribed as a brazen effort to deceive the plaintiff, [willfully] prosecuted in defiance of a New York Law prohibitin prosecution, , while fraudulently conveying they had jurisdiction in this case, blatantly putting forth the fraud that is the essence of this malicious prosecution claim.

==================================================================

A. FIRST CAUSE OF ACTION: July 29, 2008.

DEFENDANTS: Buffalo Police Detective Nieman and Buffalo Police department

(a) Officer Nieman of the Buffalo narcotic squad participated in a joint task force raid at 161 Loring Ave, the home of Jerome Crosby, during the raid, the officer was very disrespectfull and plaintiff ask officer to get out of his face. The officer then became very upset and threatening, at which time officer informed plaintiff he would make his situation worse by giving him a state case number. Plaintiff overheard a call made by officer Nieman inquiring about said state case number, the contact person on the phone told officer Nieman he couldn't do that, it was not a state case, Nieman said "I don't care, just do it."

(b) Plaintiff assumes this call was not made to the district attorney's office, it was made to the buffalo police department central booking, it is officer's job to make arrests not charge defendants or prusue incident numbers. The question now becomes, how did plaintiff get a state number on a federal warrent, without a charging district attorney? An officer in the field con not be allowed to play district attorney and bend the law to suit himself, if not for this officer taking the law into into his own hand, this claim would not exist.

(c) This officer's job was to execute a no-knock entry into plaintiff's home, calling for incident number was over reaching and an abuse of authority. This officer violated plaintiff's right to due process by taking the law into his own hands. This is another example of the lack of supervision and the problems that are caused when an officer is not being supervised. Detective Nieman objectives were outside ligitimate ends of law, this defendant who as a state actor maliciously prosecuted plaintiff, and had no regard for plaintiff's constitutional rights.

THE CONSTITUTIONAL BASIS FOR THIS CLAIM UNDER 42 U.S.C. §1983 IS: Due Process, Deliberate Indefference, Malicious Prosecution, Cruel and Inhumane Treatment, Intentional Inflection of Emotional Distress.

THE RELIEF I AM SEEKING IS: $5,000,000.

======================================================================

A. SECOND CAUSE OF ACTION: July 29, 2008 thru October 27, 2014.
DEFENDANT: Joseph J. Terranova, Esq.

(a) Errorless Counsel is not required by the Sixth Amendment but assistance of counsel must in fact be susceptible of being deemed of an assistive nature. The record of this case amply reveals how inadequate plaintiff's representation was and under no interpretation of the facts could the constitutional error be deemed harmless.

(b) Plaintiff emphasizes [that] not one pretrial motion was made on plaintiff behalf noe was any suppression hearing requested, indeed, the record will show counsel never attempted to suppress any evidence or challenge state's authority to piggy-back on a federal case.

(c) At the time plea was offered, plaintiff was denied meaningful representation because counsel was unprepard for trial, counsel in

-4-

his own words said the district attorney had dragged his feet "for many years", in even providing counsel with copies of the case files. Counsel couldn't have fully investigated the case, nor, collect the type of information that a lawyer would need in order to determine the steps to pursue for his client.

(d) Any attorney worth their salt would negotiated (a plea) at the low end of the sentencing guidlenes without any files this attorney instead of advocating for plaintiff counsel conspired with district attorney to impose an illegal sentence that was other then the statutory minimum.

(e) When counsel met with the Erie County District Attorney and ADA Schegler, the District Attorney as a policy maker made the dicision to prosecute, indifferent to plaintiff's constitutional rights.

(f) Counsel was determined to have plaintiff sentenced even though plaintiff strongly expressed his unwillingness to proceed, even to the extent to suggest plaintiff was a flingt risk. Counsel stated in court "plaintiff must be sentenced, it's the law." Counsel's lack of knowledge (of law) is a cognizable cause of action for legal malpractice, resulting in plaintiff being sentenced to ten years illegally. Defendant and Plaintiff had a relationship that required defendant to advocate and exercise the degree of skill commonly used by an ordinary member of the legal communit Onec counsel stops advocating for his client he then becomes his adversary

<u>THE CONSTITUTIONAL BASIS FOR THIS CLAIM UNDER 42 U.S.C. § 1983 IS:</u>
Legal Malprictice, Conspiracy, Deliberate Indefference, Intentional Infliction of Emotional Distress.

THE RELIEF I AM SEEKING IS: $5,000,000.

A. THIRD CAUSE OF ACTION: July 29, 2008 thru October 27, 2014.
DEFENDANTS: District Attorney, Sedita, Assistant District Attorney, Lawrence Schwegler and the County of Erie.

(a) The district attorney's office was indifferent to plaintiff's constitutional rihgts when it knowingly prosecuted plaintiff on a case it's office did not have jurisdiction. They knew this officer went outside ligitimate means of law to violate plaintiff's civil rights. The law prohibits prosecution for possession of the same drugs that was a proven element of the federal conspiracy. Plaintiff's continued detention by the state amounts to an unconstitutional punishment that is "cruel and unusual".

(b) It's apparent that the district attorney's office is also involved in this conspieacy to deprive plaintiff of his rights under our constitution. It is unmaginable that the district attorney's office was unaware of the fact this prosecution was illegal. In fact, the district attorney's office, in what can only be discribed as a brazen effort to dicive the plaintiff, willfully, prosecuted in defiance of New York Law prohibiting prosecution, by fraudulently conveying they had jurisdiction in this case, blatantly putting forth the fraud that is the essence of this claim.

(c) The district attorney's office failed in their duty to protect plaintiff and participated in this miscarriage of justice, it's their job to know the law. This is another example of how the district attoryey's office took advantage of the ignorant and should be held accountable.

(d) Inter city drug cases has (historically) been easy convictions for the district attorney's office and like plaintiff, prepetrators are forced to accept pleas. This case illustrates how plainteff was victimized by the city's costoms and policies.

The motivating force behind the acceptance of the plea was coericion, the issue now becomes, was plaintiff's plea "voluntary", or did circumstances eliminate any true act of choice?

(e) Plaintiff alleges the county failed to aduquately train and supervise the police and the district attorney's office. Specifically, the county should aave trained it's assistant district attorney's not to maliciously prosecute people where they have no jursidiction and the failure to train constitute deliberate indifference. It should have been obvious to city and or county policymakers that training and supervision is reqired.

(f) We are dealing with an unusual situation, when the jidictment is dismisse as a result of police or prosecutorial over reaching, the necessary finding in that respect is that the county has been guilty of gross negilgence or intentional misconduct to the prejudice of plaintiff.

(g) Plaintiff had a (reasonable) expectation of serving his sentence in a relatively comfortable federal (medium) facility. The state dumped plaintiff into a super-max (Attica) for almost three years, plaintiff suffered P.T.S.D. episodes, was medicated and went through psychological counselling. The most disturbing aspect of plaintiff's situation is "the knowing", if not for this illegal sentence, plaintiff would be home now, that is a profound liberty issue that can not be understated. These constitutional violations are, and will be abhorrent for the lasting trauma they have inflicted upon plaintiff.

(h) Its one thing when the district attoryey's office, based on information from an arresting police officer, decides to pursue a prosecution and quite another thing when absent a charging district attorney, that prosecution is sought unconstitutionally. A charging district attorney would have known about the constitutional infringement of plaintiff's

double jeopardy rights. Plaintiff believe this claim is timely because the facts are absolute, the district attorney's office is guilty of violating CPL §40.20 (a).

THE CONSTITUTIONAL BASIS FOR THIS CLAIM UNDER 42 U.S.C. § 1983 IS:

Eighth Amendment Cruel and Unusual Punishment, Intentional Infliction of Emotional Distress, Fifth Ameedment Double Jeopardy Violation and Malicious Prosecution.

THE RELIEF I AM SEEKING IS: $5,000,000 each.

===================================================================

I declare under penalty of perjury that foregoing is true and correct.
Executed on  July 6, 2020
                (DATE)


*Jerome Crosby*

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

**20 CV 908**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JEROME CROSBY #14B3300

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: ERIE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ERIE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO-SE JEROME CROSBY 14B3300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☒ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. §1983, Civil Rights Action

Brief description of cause: Constitutional Rights Violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 5,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 7-6-20
SIGNATURE OF ATTORNEY OF RECORD: Jerome Crosby #14B3300

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Jerone Crosby #14B3300
Ulster Correctional Facility
P.O. BOX 800
Napanoch, NY 12458

USDC-WDNY
JUL 16 2020
BUFFALO

United States District Court Clerk
200 U.S. Courthouse
2 Niagara Square
Buffalo, NY 14202-3498



ULSTER
CORRECTIONAL
FACILITY

NEOPOST
07/13/2020
US POSTAGE $001.40⁰
FIRST-CLASS MAIL
ZIP 12458
041M11280434